# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 282 | **DATE** | 10/12/2000 |
| **CASE TITLE** | ROXFORD vs. AMERITECH CORP. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
 ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **Motion (40-1) to dismiss Count II is granted. Count II is dismissed with prejudice.**

(11) ■ [For further detail see order attached to the original minute order.]

| ✓ | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | OCT 17 2000 | |
| | Notified counsel by telephone. | | date docketed | 42 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | ED-7 FILED FOR DOCKETING | | |
| DW | courtroom deputy's initials | 00 OCT 16 PM 7:20 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

THEODORE ROXFORD, d/b/a VAKIL,

Plaintiff,

v.

AMERITECH CORP.,

Defendant.

No. 00 C 282
Judge James B. Zagel

(Related case: 99 C 4731)

## MEMORANDUM OPINION AND ORDER

This case concerns Ameritech's promise to do a deal with Vakil. Roxford, Vakil's principal, wanted to set up a transaction between Ameritech and BCE, Inc. He offered to give Ameritech confidential information concerning BCE in exchange for compensation if the deal occurred or confidentiality if Ameritech decided not to pursue the opportunity. In the end, after signing a Final Confidentiality Agreement, Ameritech told Vakil that it wasn't interested in pursuing the transaction. Two years later, Roxford learned that Ameritech negotiated a deal with BCE. Roxford filed a complaint alleging breach of contract and promissory fraud. Ameritech moves to dismiss Count II of Roxford's amended complaint, the promissory fraud claim. Previously, I dismissed this count with leave to amend. *Roxford v. Ameritech*, 2000 WL 949572 *1, *3 (N.D. Ill. 2000). I assume familiarity with that opinion.

As an initial matter, I must decide which law, California or Illinois, applies to this claim. Roxford filed suit in California Superior Court, defendants removed the case to the Northern District of California, and Judge Walker transferred it to this Court. Since the case began in California, I

1



apply California's choice of law rules to determine which law applies. *International Marketing, Ltd. v. Archer-Daniels-Midland Co.*, 192 F.3d 724, 729 (7th Cir. 1999).

First, a California court asks if there is a true conflict between the laws of the jurisdictions at issue. *Arno v. Club Med, Inc.*, 22 F.3d 1464, 1467 (9th Cir. 1994). In this case, the parties agree that a true conflict exists; Illinois generally does not recognize the tort of promissory fraud, while California does. I note that a difference in law is not necessarily a "true" conflict. Given that Illinois recognizes a broad exception to its rule, *see Bower v. Jones*, 978 F.2d 1004, 1011 (7th Cir. 1992), one could find that the difference is one of degree not substance. However, it is clear that Illinois is hostile to this claim, and courts have expressed policy rationales in defense of the respective regimes. *Hollymatic Corp. v. Holly Systems, Inc.*, 620 F.Supp. 1366, 1369 (N.D. Ill. 1985) (promissory fraud is disfavored because it is too easy to allege and too difficult to prove or disprove); *Lazar v. Superior Court of Los Angeles County*, 12 Cal.4th 631, 646 (1996) (tort is designed to vindicate social policy). Based on the distinctly divergent policies expressed by the two jurisdictions, and in light of the parties' agreement on this issue, I find that a true conflict does exist.

If a true conflict exists, I must determine whether a particular state's governmental interests favor the application of its laws. This analysis requires me to determine the relative commitment of the respective states to the laws involved. *Waggoner v. Snow, Becker, Kroll, Klaris & Krauss*, 991 F.2d 1501, 1507 (9th Cir. 1993). In this case, that analysis is a draw. Both states are committed to their view of this tort; neither party has attempted to demonstrate a lack of vitality in either state's jurisprudence of promissory fraud. *See Waggoner*, 991 F.2d at 1507 (court should consider the history and current status of the states' laws). Roxford says California has a stronger interest in protecting the contract rights of its residents, particularly when the resident negotiates those rights

from California, citing *Arno*, 22 F.3d at 1469. This is an argument for applying California contract law to the breach of contract claim, not for applying California tort law to the tort claim. *See Arno*, 22 F.3d at 1468 (applying French law to tort claim, California law to contract claim). Therefore, it does not affect the analysis.

The tie-breaker in this case is the reasonable expectations of the parties as to which state law would govern the dispute between them. *See Rosenthal v. Fonda*, 862 F.2d 1398, 1403 (9th Cir. 1988). Roxford's expectation that California law would apply is based solely on the fact that he lives in California and originally filed suit there (an action that occurred after the dispute arose). Meanwhile, Roxford reached out to Ameritech's Illinois offices, the parties planned a meeting in Illinois and acceptance of Roxford's offer occurred in Illinois. As in *Waggoner*, residence of the plaintiff is not enough to make it reasonable to expect California law to govern. *Waggoner*, 991 F.2d at 1507. The action occurred, or was meant to occur, in Illinois, thus the reasonable expectations of the parties should have been that Illinois law would govern any tort claims arising out of Ameritech's conduct. Illinois law applies to Count II.[1]

As noted above, promissory fraud (a promise to perform an act even though the party intends not to perform) is generally not actionable in Illinois. *Roda v. Berko*, 401 Ill. 335, 340, 81 N.E.2d 912, 915 (1948). There is an exception, however, for promises that are a part of a scheme to defraud. *Doherty v. Kahn*, 289 Ill.App.3d 544, 562, 682 N.E.2d 163, 176 (1st Dist. 1997). The Seventh Circuit's "best interpretation" of this exception "is that promissory fraud is actionable only if it is particularly egregious or, what may amount to the same thing, it is embedded in a larger pattern of

---

[1] Previously, I applied California law to the breach of contract claim. *Roxford*, 2000 WL 949572 at * 2 n.1. That finding is not at issue here, nor is it implicated by this ruling, for the choice of law analysis differs with respect to the contract claim.

3

deceptions or enticements that reasonably induces reliance and against which the law ought to provide a remedy." *Desnick v. American Broadcasting Cos., Inc.*, 44 F.3d 1345, 1354 (7th Cir. 1995). To survive a motion to dismiss, the complaint must point to specific, objective manifestations of fraudulent intent. *Bower*, 978 F.2d at 1012 (quoting *Hollymatic*, 620 F.Supp. at 1369).

Roxford's amended complaint does not satisfy the requirements of Illinois law. The complaint essentially says that Ameritech's employee, Dan Foreman, promised Roxford he would honor the contract; he gave Roxford his word. There must be more, *i.e.*, a manifestation of fraudulent intent. For example, in *Pepper v. Marks*, 168 Ill.App.3d 253, 258, 522 N.E.2d 688, 691 (1st Dist. 1988), relied on by Roxford, defendant promised plaintiff it had no plans for an auction; four days later, it entered into a contract for an auction. This was an objective fact that indicated defendant's fraudulent intent; a court could infer from defendant's conduct a mere few days later that it intended to make a false promise. The analogous conduct in this case occurred two years after the promise – too long a period to constitute an objective manifestation of intent. Roxford does not allege any conduct by Ameritech that suggests a particularly egregious fraud or a pattern of deception. The complaint says Ameritech made a promise and it reneged. This is truly a breach of contract claim, for which contract law provides a remedy.

## CONCLUSION

The motion to dismiss Count II [40-1] is granted. Since I have given Roxford leave to amend once before, I dismiss this count with prejudice.[2]

ENTER:

James B. Zagel
United States District Judge

DATE: 12 Oct 2000

---

[2] In an effort to stave off dismissal, Roxford seeks leave to conduct discovery to find evidence to support his fraud claim. This request ignores the purpose behind the pleading rules and seeks an end-run around Fed. R. Civ. P. 9(b). The request is denied.

5